TICEY HAYES,
    *Plaintiff*,

    v.

No. 3:18-cv-01758 (JAM)

ANTONIO SANTIAGO, *et al.*,
    *Defendants*.

## INITIAL REVIEW ORDER PURSUANT TO 28 U.S.C. § 1915A

Plaintiff Ticey Hayes is a pre-trial detainee in the custody of the Connecticut Department of Correction at MacDougall-Walker Correctional Institution. Proceeding *pro se*, on October 19, 2018, he filed a civil complaint under 42 U.S.C. § 1983 against six prison officials, all in their individual and official capacities: Director of Security Antonio Santiago, SRG Coordinator John Aldi, Lieutenant J. Russell, Hearing Officer King, District Administrator Edward Maldonado, and Warden Mulligan. Hayes claims that the defendants have unconstitutionally subjected him to solitary confinement. For the reasons I explain below, I will allow Hayes's claims to proceed at this time.

## BACKGROUND

The following facts are alleged in the amended complaint and are accepted as true only for purposes of this initial review ruling. On July 23, 2018, Hayes was incarcerated as a pretrial detainee at New Haven Correctional Center. Doc. #1 at 5, 8 (¶¶ 1, 32). On July 25, Lieutenant Russell brought him to restrictive housing pending the determination of Hayes's security risk group (SRG) affiliation, and stated that he did so because of Hayes's social media posts. *Id.* at 5 (¶ 2), 9 (¶ 1). The following day Hayes went to a hearing for his SRG determination. *Id.* at 5 (¶ 3). At the hearing, Hearing Officer King did not give Hayes a chance to make a plea or be heard,

and despite Hayes not being a gang member, designated Hayes as a security risk based on Hayes's social media posts. *Id.* at 6 (¶¶ 4–5, 10), 9 (¶ 2).

Because Hayes was designated a security risk, he was sent to MacDougall-Walker's Phase Two Unit. *Id.* at 7 (¶ 11). There, he spends 23 hours per day in a small cell, and the entire day on weekends. *Ibid.* (¶ 15). When he is allowed recreation time, the only option is to go outside, even during inclement weather. *Ibid.* (¶¶ 19–21). He is only allowed three showers per week, in dirty water where blood and feces are present. *Ibid.* (¶ 12, 23). He has no access to the television, CD player, or hotpot that he bought from the commissary, and consequently cannot heat the cold water in his cell to prepare food. *Ibid.* (¶¶ 14, 18). He has no access to religious or educational programming, and is limited to three telephone calls per week to immediate family, rather than the six calls per day to unrestricted recipients he would be allowed in the general population. *Id.* at 7–8 (¶¶ 16–17, 24). Only immediate family members may visit. *Id.* at 8 (¶ 35). Gang members in the housing unit threaten to kill him, and prison officials have done nothing to stop that behavior. *Ibid.* (¶¶ 26–27, 30).

According to Hayes, because he has been previously designated to and finished the SRG program successfully, he now faces two more years of SRG designation before he can "go to population." *Ibid.* (¶¶ 6–7). Hayes alleges that he will be required to remain in his solitary conditions for five months before he may progress to the next phase. *Ibid.* (¶ 34).

On July 28, 2018, Hayes filed an appeal challenging his designation. *Id.* at 15. District Administrator Maldonado denied the appeal on August 10, 2018. *Id.* at 14. Hayes then sued the defendants in this action, alleging that Russell had unconstitutionally placed him segregation based on his social media posts, that King had denied Hayes a hearing and designated him a

security risk based on his social media posts, that Maldonado had denied his appeal, and that

Aldi and Santiago were liable as the supervisors of Russell, King, and Maldonado. *Id.* at 9–10

(¶¶ 1–4). Hayes also alleges that Warden Mulligan has overseen what Hayes alleges are

unconstitutional conditions of confinement. *Id.* at 11 (¶ 5). I will allow his claims against each of

these defendants to proceed without prejudice to the right of any defendant to timely file a

motion to dismiss or for other relief.

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner's civil complaint

against a governmental entity or governmental actors and "identify cognizable claims or dismiss

the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or

fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a

defendant who is immune from such relief." If the prisoner is proceeding *pro se*, the allegations

of the complaint must be read liberally to raise the strongest arguments that they suggest. *See*

*Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading

standard for courts to evaluate the adequacy of allegations in federal court complaints. A

complaint must allege enough facts—as distinct from legal conclusions—that give rise to

plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl.*

*Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Notwithstanding the rule of liberal interpretation of

a *pro se* complaint, a *pro se* complaint may not survive dismissal if its factual allegations do not

meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378,

387 (2d Cir. 2015).

*Due process claims against Russell and King*

Hayes alleges a claim for violation of his Fifth and Fourteenth Amendment due process rights against Russell and King. Doc. #1 at 9 (¶¶ 1–2). Because Hayes is in state custody and Russell and King are state officers, I will construe this as a claim only under the Fourteenth Amendment. "[P]rocedural due process requires that pretrial detainees can only be subjected to segregation or other heightened restraints if a pre-deprivation hearing is held to determine whether any rule has been violated." *Johnston v. Maha*, 606 F.3d 39, 41 (2d Cir. 2010). Liberty restrictions on a pretrial detainee may not amount to punishment of the detainee, and a pretrial detainee who is placed in segregation for administrative or security reasons is entitled to some notice of the charges against him and an opportunity to present his views. *See Benjamin v. Fraser*, 264 F.3d 175, 188, 190 (2d Cir. 2001) (citing *Bell v. Wolfish*, 441 U.S. 520 (1979), and *Hewitt v. Helms*, 459 U.S. 460 (1983)). In addition, substantive due process requires that restrictions on pre-trial detainees be reasonably related to a legitimate goal. *See Almighty Supreme Born Allah v. Milling*, 876 F.3d 48, 55 (2d Cir. 2017).

Even if Hayes's segregation is purely administrative, he nonetheless sufficiently states a claim at this preliminary stage of the litigation. While Hayes indicates that he was told the reason for his segregation—his social media posts allegedly indicating an affiliation with the gang known as the Bloods, *see* Doc. #1 at 14—he also alleges that at the hearing, he was not allowed to make a plea, Doc. # 1 at 6 (¶ 4), present his side of the story, *id.* at 9 (¶ 2), or challenge the accusations against him. *Ibid.* Taken as true and construed most favorably to Hayes's claim, Hayes has alleged that he was placed by Russell into restrictive housing and not afforded an opportunity to present his views at the hearing in front of King—and thus that his detention

4

violates procedural due process. These allegations suffice at this time to state a claim against

both Russell and King.[1]

### *First Amendment retaliation claims against Russell and King*

Hayes alleges that Russell and King violated his First Amendment rights because they

placed him in segregation for his social media activities. Doc. #1 at 9 (¶ 38, 1–2). The basic

requirements for a constitutional retaliation claim are that a plaintiff engaged in speech protected

under the Constitution and that the defendant in turn took adverse action against the plaintiff

because of the constitutionally protected speech or activity. *See Dolan v. Connolly*, 794 F.3d

290, 294 (2d Cir. 2015).

The Supreme Court has recognized a First Amendment interest in posting on social

media. *See Packingham v. North Carolina*, 137 S. Ct. 1730, 1737 (2017). And while not every

adverse action that a correctional officer takes against a prisoner is constitutionally cognizable,

*see Davis v. Goord*, 320 F.3d 346, 353 (2d Cir. 2003), placing a prisoner on lockdown for

several months is sufficiently adverse to give rise to a constitutional retaliation claim. *See*

*Whipper v. Erfe*, 2018 WL 2390142, at *4 (D. Conn. 2018). It is true, of course, that District

Administrator Maldonado's denial of Hayes's appeal indicates that the Russell and King may

have placed Hayes in segregation because of a conclusion, made from social media postings, that

Hayes was a gang affiliate—and thus reached their decision based on Hayes's conduct rather

than his speech. The defendants are free to argue as much at future stages of these proceedings.

At this initial stage, however, the allegation that Russell and King placed Hayes in segregation

---

[1] To the extent that Hayes seems to allege that his time in segregation may be arbitrarily extended because of his prior SRG designation, he may also state claims for substantive due process. *See Almighty Supreme Born Allah*, 876 F.3d at 56–57 (substantive due process violated by segregation of pretrial detainee based solely on prior administrative segregation designation and without individualized assessment of basis for continuing segregation).

because of what he posted on social media is sufficient for the First Amendment claim to survive this Court's initial review.

### *Maldonado's Grievance Denial*

Hayes claims that Maldonado violated his First, Fifth, and Fourteenth Amendment rights when he denied Hayes's appeal. Doc. #1 at 10 (¶ 3). As with Russell and King, I construe the Fifth Amendment claim as a Fourteenth Amendment claim. The Second Circuit has suggested that it is "questionable whether an adjudicator's rejection of an administrative grievance would make him liable for the conduct complained of." *McKenna v. Wright*, 386 F.3d 432, 437 (2d Cir. 2004). In some cases, courts do find that where a prison receives a grievance for an ongoing violation that the official can remedy, the official personally reviews the grievance, and then responds to the grievance, the official may have been sufficiently personally involved to be individually liable for the alleged constitutional violation. *See Young v. Choinski*, 15 F. Supp. 3d 172, 191–92 (D. Conn. 2014) (collecting cases). To the extent that Hayes means to sue Maldonado for money damages in his individual capacity for the grievance denial, I must dismiss Hayes's claims as barred by qualified immunity because Second Circuit law is not clearly established. *See Poe v. Leonard*, 282 F.3d 123, 134 (2d Cir. 2002) (qualified immunity requires showing that official violated clearly established law). But because qualified immunity does not exempt state officials from suits for prospective relief, *see Huminski v. Corsones*, 396 F.3d 53, 70 (2d Cir. 2005), I will allow the claims against Maldonado for injunctive relief to proceed.

### *Claims against Santiago and Aldi*

Hayes sues Director Santiago and Coordinator Aldi on the grounds that they oversaw Russell, King, and Maldonado, but failed to intercede in their misconduct. Doc. #1 at 10 (¶ 4). He does not specify how, exactly, Aldi and Santiago came to know about Russell, King, and Maldonado's actions, but does, construed liberally, allege that Aldi and Santiago have orchestrated the SRG program to compel their subordinates to deny inmates a chance to challenge their designations. *Ibid.*

Liability for supervisory officials under 42 U.S.C. § 1983 requires the personal involvement of each individual held liable. *See Raspardo v. Carlone*, 770 F.3d 97, 116 (2d Cir. 2014). That involvement can include creating a policy or custom under which unconstitutional practices occurred. *Id.* (quoting *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995)). Even though it is not immediately clear how much Aldi and Santiago knew of their subordinates' actions, I will construe Hayes's claims liberally and allow the supervisory liability First and Fourteenth Amendment claims to proceed against them.

### *Claims against Mulligan*

Hayes finally claims that Mulligan is violating his First and Eighth Amendment rights because of his deliberate indifference to the unconstitutional conditions of his confinement. Doc. #1 at 11 (¶ 5). I will dismiss the First Amendment claim because Hayes has not alleged any facts to show that Mulligan was aware of—and therefore could retaliate against—Hayes's speech. Because Hayes is a pretrial detainee, I will construe his Eighth Amendment claim as a request for relief under the Fourteenth Amendment's due process clause. *See City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983) (Fourteenth Amendment protects pretrial detainee from unconstitutional conditions of confinement).

7

Hayes alleges that he is subjected to severe sensory deprivation in solitary confinement as well as additional highly restrictive, unhygienic, and threatening conditions. These allegations state a substantive due process claim. *See Almighty Supreme Born Allah*, 876 F.3d at 58 ("Defendants have not adequately explained how limiting Allah to a single, 15–minute phone call and a single, 30–minute, non-contact visit with an immediate family member per week, allowing him to keep only five pieces of mail in his cell, or permitting him to keep a radio but not a television, related to any security risk suggested by his disciplinary record" or any other basis for solitary confinement, and "prison officials should be prepared to articulate actual reasons for imposing seemingly arbitrary and undoubtedly harsh measures on individuals who have not been convicted of a crime"). I will allow the claims against Mulligan to proceed.

## CONCLUSION

In accordance with the foregoing analysis, I enter the following orders:

(1)     Hayes's remaining claims against Russell, King, Maldonado, Aldi, Santiago, and Mulligan may proceed at this time.

(2)     The Clerk shall verify the current work addresses for Russell, King, Maldonado, Aldi, Santiago, and Mulligan with the Department of Correction's Office of Legal Affairs, mail a waiver of service of process request packet containing the complaint (Doc. #1) to all defendants at the confirmed addresses within **twenty-one (21) days** of this Order, and report to the court on the status of the waiver request on the **thirty-fifth (35) day after mailing**. If any defendant fails to return the waiver request, the Clerk shall make arrangements for in-person service by the U.S. Marshals Service on him/her, and he/she shall be required to pay the costs of such service in accordance with Federal Rule of Civil Procedure 4(d).

(3)     All defendants shall file their response to the amended complaint, either an answer or motion to dismiss, within **sixty (60) days** from the date the notice of lawsuit and waiver of service of summons forms are mailed to defendants. If they choose to file an answer, they shall admit or deny the allegations and respond to the cognizable claims recited above. They may also include any and all additional defenses permitted by the Federal Rules.

(4)     Discovery, pursuant to Federal Rules of Civil Procedure 26–37, shall be completed by **April 27, 2019**.  Discovery requests need not be filed with the court.

(5)     All motions for summary judgment shall be filed by **May 27, 2019**.

(6)     Pursuant to Local Civil Rule 7(a), a nonmoving party must respond to a dispositive motion within **twenty-one (21) days** of the date the motion was filed. If no response is filed, or the response is not timely, the dispositive motion can be granted absent objection.

(7)      If Hayes changes his address at any time during the litigation of this case, Local Court Rule 83.1(c)2 provides that he MUST notify the court. Failure to do so can result in the dismissal of the case. Hayes must give notice of a new address even if he is incarcerated. Hayes should write "PLEASE NOTE MY NEW ADDRESS" on the notice. It is not enough to just put the new address on a letter without indicating that it is a new address. If Hayes has more than one pending case, he should indicate all of the case numbers in the notification of change of address. Hayes should also notify defendants or defense counsel of his new address.

It is so ordered.

Dated at New Haven this 29th day of October, 2018.

/s/*Jeffrey Alker Meyer*_____
Jeffrey Alker Meyer
United States District Judge